In Ejectment upon a Lease made by Robert Dudley Upon not Guilty this Case is agreed between the Parties “That Peter *R11 Ransom was seized of 1100 acres of Land having Issue, James, George and Wm. by his last Will and Testam’t. (a) Devised 350 Acres the Land in Question to George and his Heirs forever and died
George entered and was seized and by his last Will & Testam’t. (b) Devised this Land by the Name of 500 Acres to Eliz’a his only Child, and if she depart this Life without Heirs of her Body then his Brother James Ransom and his Heirs to enjoy his Daughter’s Legacy. But before this last Clause he directs that his Wife shall have the management of his Daughters Legacy (giving Security) during her Life, and if she should die during the nonage of his Daughter his Brother James should take care of his Daughter’s Estate and several Chatties are given to her besides in the same Clause
George died and Elizabeth his Daughter and Heir entered and was seized and Intermarried with Rob’t Dudley some time in the year 16. and they had Issue Rob’t Dudley the Lessor of the Pit.
(c) Robert Dudley and his Wife by Deeds of Lease and [123] Release sell and Convey this 350 Acres of Land to James Ransom and his heirs with Warranty which Deeds were acknowledged in Gloucester Court but the Wife was not privately Examined.
Robert Dudley the Father died (e)
Elizabeth the Mother died (/)
James Ransom entered and was Seized and by his last Will and Testament (g) Devised the Land to his 3 Sons George, Robert and Peter, who by several Conveyances Conveyed the same to the Deft. And this is the Defts. Title And James Ransom and those claiming under him have been in quiet and undisturbed possession of the Lands in Question from the 16 of Aug. 1694 until the delivery of the Declaration in this Cause which was served October 5th 1726 And the Lessor of the Pit. hath Lands in fee Simple of greater value than the Lands descended to him from his Father Robert Dudley. Upon this Case I shall agree that Mrs. Dudley took an Estate tail and then the Questions will be only 1. Whether the Entry of the Lessor of the Pit. is not taken away by the Act of Limitation
2. Whether he is not barred by the Fathers Warranty with Assets and 1. I think he is clearly by the act of Limitation a’o 1710 in which the Words so far as it concerns this Case are *R12 “ That no Person or Persons that now hath or which hereafter “ may have any Title of Entry into any Land shall at any time “ hereafter make any Entry but within 20 years next after his “ or their right or Title hath descended or accrued or hereafter “ shall Descend or accrue, and in default thereof such Persons “ so not ent’ring and their Heirs shall be utterly Excluded “ and disabled from such Entrey after to be made.” And there is Saving Clause to Infants, Feme Coverts &c.
16 Aug. 1694 Now to apply this Act to the present Case by the Conveyance from Rob’t Dudley and his Wife to James Ransom, no thing passed from the Wife she not being privily Examined, but as to her it was void
20 Octob’r 1701 Then after her Husbands death her right of Entrey Accrued and from that time the 20 years given by the Act to be computed 17 years and 2 Months whereof were Lapsed when he died
23 Dec’r 1718 And the Lessor of the Pit. being at that time about 27 years of age he cou’d not make any Entry after the 20th of October 1721. when the 20 years were Complete and the Decl. in this Cause was not delivered October 1726. But if the Lessors Mother had been at the time of making the Act under Coverture, then I shou’d think she might be Construed to be under the saving Clause And indeed any other Construction wou’d be neither Grammatical, nor reasonable as it was held by Lord Trevor Master of the Rolls and Ld. Chief Justice Eyre in the Appeal between Heal & Ball [124] heard before them in Aug’t 1728. The words are “ Provided neverth’ess that if any Person or Persons that hath or shall have such right of Title of Entrey be or shall be at the time of such right or Title “ first Descended or Accrued within the age of 21. years ” Feme Covert &c. that then such Person or Persons notwithstanding the s’d 20 years are expired may make his Entrey as he might have done before the making this Act so as it be done by him or his Heirs within ten years after his full age, Discoverture &c.
But for all that appears in the Case she was never Married after the death of the Lessor’s father, tho the truth is that she afterwards married one Robert Dudley who died in the beginning of the year 1710, then she lived a Widow a year or less and married Thomas Elliot who died in the year 1716. Novem’r 19. and she was Certainly discovert the 25th October 1710. when *R13 the Act was made, so the time run against her from the death of her first Husband for it was her fault not to make her Entrey when she was sole after making the Act, and her disabling herself by the third marriage shall not excuse her Laches And the Lessor had almost 3 years after her death to make his entrey which he neglected Wherefore he being of age is without excuse likewise
Indeed the Pit. has taken care in the Declaration to lay the Lease and Entrey within 20 years. But notwithstanding that and the confession of Lease, Entrey and Ouster it appeared by the Record that the entrey was not till October 1726. And the Confession of Lease, entrey & Ouster by the Deft, which he was bound by Rule of Court to do shall not prejudice him. So it was in a Case much stronger than this Clerk & Philips’s or Clerk & Pywell Vent. 42. Saund. 319. 1. Mod. 10. 2 Keb. 553.
But before the hearing of the Cause we found that the Mother married Elliot 21. Sep’r 1710 and was under Coverture at the time of making the Act of Assembly, and we amended the Case accordingly
For the Declaration was delivered about a Month before the 10 years expired after her last discoverture
2 The Warranty of the Lessors Father with Assets is a bar in this Case. If the Husband in the Life of the Wife, Aliens his Wifes Land with Warranty and Assets descended to the Heir from the Father the Heir is barred by the Warranty Lord Coke Comment upon the Stat. of Gloucester 2. Inst. 294. And by the Common Law Warranty without [125] Assets was a bar. So Warranty with Assets is a bar of the right in Tail and is not restrained by the Stat. de donis Co. Litt. 374. b. 393. b.
And there is no difference whether Lands of the Wife so Alien’d be Intailed or not This being clear tho’ the Warranty is not Pleaded being found in Special Verdict it shall bind the Lessor of the Pit. and is a good Title in the Deft, which is Admitted 10 Co. 95 b. Seymors Case In Kind and Pox’s Case Cro. Car. 145. and is revoked in Smith and Tyndals Case 2. Salk. 685.
Obj. But perhaps it will be objected That the Conveyance to James Ransom is a harmless Conveyance and pass’d nothing by Transmutation of Possession But only what the Father of the Lessor cou’d lawfully pass, to wit a Descendable freehold during his Life and upon his death the Warr was Extinct and cannot bar the Estate Tail which was not displaced or turned *R14 into a Right by the Lease and Release And I must own this will be an Objection of some Weight and that Symon’s Case in 10 Co. 95 is an Authority in point against me And vide 1. Saund. 261. Carter 210. Cro. Car. 429. 1. Bulst. 165. and 2. Bulst. 34. which proves that nothing passes by such a Conveyance but an Estate for Life of the Father.
To this I answer That (allowing the Objection in the General) in this Case the Lease and Release of the Lessors Father Acknowledged and Recorded in Gloucester County Court shall operate as a Feoffment by Virtue of the Act of Assembly of 1710 for Settling the Titles and Bounds of Lands which Enacts “ That all “ Deeds and Conveyances whatsoever where Livery or Seizin “ might Otherwise have been required heretofore bona fide “ by any Person or Persons for any Lands &c. within this “ Colony where the Person or Persons to whom the same have “ been Conveyed, have entered thereupon and they and those “ who have their rights do still Continue in possession thereof “ by virtue of such Deeds & Conveyances shall be Deemed. “ Adjudged and taken and are hereby Declared to be to all “ Intents, Constructions and purposes as firm and valid in Law “ and shall enure and take effect as fully and Absolutely as if “< Livery & Seizin had been thereupon made in due form of Law.
. Upon the appeal between Ball & Heal from a Judgm’t of the Gen’l Court in April 1728 in a Verdict of right Where the Tenant Pleaded a Bargain and Sale with Warranty of the Demandant’s Father it was Argued by the Tenants Council that the Bargain & Sale shou’d Operate a Feoffment by this Act and the Lord Trevor seemed of that[1] — [four lines here undecipherable. W.W.S.]
[126] themselves to Warrant and forever defend the Promises) makes no Warranty and cited Let
2. Deeds of Lease and Release dated the same Day are void and the Warranty here is contained in a Release dated the Day of the Lease wherefore the Warranty is void and Hob. 22. Cited to that purpose 3. And the Stat. 32. H. 8. against discontinuance was insisted upon
But the Court Adjudged the Lessor of the Pit. was barred by the Warranty of his Father with Assets

The MS. of the Congressional Library, p 216, shows that these words are as follows: “ opinion if it had been pleaded as a settlement. But Hopkins for the petr. only objected that the words (doth oblige.”— R. T. B.